## CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH

Edward D. Shames

v.

Checkered Flag Motor Car Co., Inc.

February 7, 1983

Case No. (Law) 12,115

By JUDGE BERNARD G. BARROW

The defendant has moved for summary judgment based on certain undisputed facts. On August 6, 1981, the plaintiff purchased a 1981 Toyoto automobile from the defendant. The contract of purchase limited the warranty extended to the plaintiff to the written "printed new vehicle warranty." This warranty provided that the manufacturer would either repair or replace, free of charge, any part that ". . . is defective in material or workmanship . . . ."

The plaintiff contends that he subsequently discovered a defect in the paint which he brought to the attention of the defendant. He also contends that he then revoked his prior acceptance to the contract. The defendant offered to repaint the areas in question, but the plaintiff refused the offer and still has possession of the automobile.

The provisions of an express warranty may exclude the existence of an implied warranty of fitness. *Va. Code* § 8.2-316 (1965); *Marshall* v. *Murray Oldsmobile Co.*, 207 Va. 972 (1967). The express warranty in this case excludes the existence of any implied warranty of fitness. Therefore, the plaintiff must rely solely on the manufacturer's warranty that it will either repair or replace any defective part, and the defendant has offered to repair the automobile.

The plaintiff may revoke his acceptance only if the defect substantially impairs the value of the

automobile to him and he has accepted it (1) on the reasonable assumption that the defect would be cured and it has not, or (2) he accepted the automobile without discovering the defect where he was induced to accept it either by the difficulty of discovery before acceptance or by the defendant's assurances. See *Va. Code* § 8.2-608 (1965). However, the plaintiff does not allege or otherwise contend the existence of such facts constituting the basis for revocation.

Therefore, I am of the opinion that the defendant's Motion for Summary Judgment should be granted.